# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROBERT GILBERTSON, Individually and for Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>J. GIVOO CONSULTANTS I, INC. and J. GIVOO CONSULTANTS CORPORATION,<br><br>Defendants. | CASE NO. 1:20-CV-6991<br><br>FLSA COLLECTIVE ACTION |

## ORIGINAL COMPLAINT

### SUMMARY

1. During the relevant time period, J. Givoo Consultants I, Inc. and J. Givoo Consultants Corporation (collectively "J. Givoo") did not pay overtime as required by the Fair Labor Standards Act ("FLSA").

2. Instead, J. Givoo paid Robert Gilbertson, and other workers like him, at the same hourly rate for all hours worked, including those in excess of 40 in a workweek.

3. Gilbertson brings this collective action to recover unpaid overtime and other damages.

## JURISDICTION AND VENUE

4. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because J. Givoo's headquarters and principal office is in this District and Division.

6. J. Givoo maintains a corporate headquarters in Cherry Hill, New Jersey.

## THE PARTIES

7. Gilbertson is an hourly employee of J. Givoo.

8. His written consent is attached as <u>Exhibit A</u>.

9. Gilbertson works for J. Givoo in Port Gibson, Mississippi at the Grand Gulf Nuclear Station Power Plant.

10. J. Givoo employs Gilbertson and those similarly situated to him.

11. Gilbertson brings this action on behalf of himself and all other similarly situated workers who were paid the same hourly rate for all hours worked by J. Givoo. J. Givoo paid each of these workers the same amount for each hour worked and failed to pay them overtime for all hours that they worked in excess of 40 hours in a workweek in accordance with the FLSA.

12. **J. Givoo Consultants I, Inc. and J. Givoo Consultants Corporation** may be served with process at 410 Holly Glen Dr., Cherry Hill, New Jersey 08034 or wherever they may be found.

## COVERAGE UNDER THE FLSA

13. At all relevant times, J. Givoo was an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

14. At all relevant times, J. Givoo was an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

15. At all relevant times, J. Givoo was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), because they had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials – such as cell phones, computers, walkie-talkies, hardhats, and personal protective equipment - that have been moved in or produced for commerce.

16. At all relevant times, J. Givoo has had an annual gross volume of sales made or business done of not less than $1,000,000 each.

17. At all relevant times, Gilbertson and the Putative Class Members (defined below) were engaged in commerce or in the production of goods for commerce.

## THE FACTS

18. J. Givoo is a staffing company that provides workers to the energy industry, including nuclear power plants and oil and gas operations.

19. Gilbertson was an hourly employee of J. Givoo.

20. Gilbertson earned $80.00 per hour while working at J. Givoo.

21. Gilbertson had the title of Maintenance Outage Manager.

22. Gilbertson worked for J. Givoo from April 2018 through August 2018.

23. Gilbertson was not guaranteed a salary.

24. Gilbertson regularly worked more than 12-hour daily shifts and over 84 hours per week.

25. But J. Givoo paid Gilbertson at his regular hourly rate for all hours worked in a week, including those over 40 in a week.

26. Thus, rather than receiving time and a half as required by the FLSA, Gilbertson only received "straight time" pay for the overtime hours he worked.

27. The "straight time for overtime" scheme violated the FLSA.

28. J. Givoo has known about the FLSA, and its overtime requirement, for many years.

29. J. Givoo nonetheless failed to pay certain hourly employees, such as Gilbertson, overtime.

30. J. Givoo' failure to pay overtime to these hourly workers was, and is, a willful violation of the FLSA.

**COLLECTIVE ACTION ALLEGATIONS**

31. J. Givoo's illegal "straight time for overtime" policy extends beyond

Gilbertson.

32. It is the "straight time for overtime" payment plan that is the "policy that is alleged to violate the FLSA" in this FLSA collective action.

33. J. Givoo paid dozens of hourly employees according to the same unlawful scheme.

34. Any differences in job duties do not detract from the fact that these hourly workers were entitled to overtime pay.

35. The workers impacted by J. Givoo's "straight time for overtime" scheme should be notified of this action and given the chance to join pursuant to 29 U.S.C. § 216(b).

36. Therefore, the class is properly defined as:

**All employees of J. Givoo Consultants I, Inc. or J. Givoo Consultants Corporation who were paid "straight time for overtime" in the past three years.** (The "Putative Class Members").

### FLSA VIOLATIONS

37. By failing to pay Gilbertson and the Putative Class Members overtime at one-and-one-half times their regular rates, J. Givoo violated the FLSA's overtime provisions.

38. J. Givoo owes Gilbertson and the Putative Class Members the difference between the rate paid to them and the proper overtime rate.

39. Because J. Givoo knew or showed reckless disregard for whether its

pay practices violated the FLSA, J. Givoo owes these wages for at least the past three years.

40. J. Givoo is liable to Gilbertson and the Putative Class Members for an amount equal to all unpaid overtime wages as liquidated damages.

41. Gilbertson and the Putative Class Members are entitled to recover all reasonable attorneys' fees and costs incurred in this action.

## JURY DEMAND

42. Gilbertson demands a trial by jury.

## PRAYER

43. Gilbertson prays for relief as follows:

   a. An order allowing this action to proceed as a collective action under the FLSA and directing notice to all hourly employees who received straight time for overtime;

   b. Judgment awarding Gilbertson and the Putative Class Members all unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA;

   c. An award of pre- and post-judgment interest on all amounts awarded at the highest rate allowable by law; and

   d. All such other and further relief to which Gilbertson and the Putative Class Members may show themselves to be justly entitled.

| | |
|---|---|
| Dated: June 8, 2020 | Respectfully submitted,<br><br>*/s/ Camille Fundora Rodriguez*<br>**Camille Fundora Rodriguez**<br>(NJ Bar No. 017642011)<br>**Shanon J. Carson**<br>(PA Bar No. 85957)<br>**Berger Montague PC**<br>1818 Market Street, Suite 3600<br>Philadelphia, PA 19103<br>Tel. (215) 875-3000<br>Fax (215) 875-4604<br>crodriguez@bm.net<br>scarson@bm.net<br><br>**Michael A. Josephson**<br>Texas Bar No. 24014780<br>**Andrew Dunlap**<br>Texas Bar No. 24078444<br>**JOSEPHSON DUNLAP LLP**<br>11 Greenway Plaza, Suite 3050<br>Houston, Texas 77046<br>713-352-1100 – Telephone<br>713-352-3300 – Facsimile<br>mjosephson@mybackwages.com<br>adunlap@mybackwages.com<br><br>**Richard J. (Rex) Burch**<br>Texas Bar No. 24001807<br>**BRUCKNER BURCH PLLC**<br>8 Greenway Plaza, Suite 1500<br>Houston, Texas 77046<br>713-877-8788 – Telephone<br>713-877-8065 – Facsimile<br>rburch@brucknerburch.com<br><br>**ATTORNEYS FOR PLAINTIFF** |