UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ROBERT GILBERTSON, | : | |
| individually and on behalf of all | : | |
| others similarly-situated, | : | Hon. Joseph H. Rodriguez |
| | : | |
| Plaintiff, | : | |
| | : | Civil Action No. 20-6991 |
| v. | : | |
| | : | |
| J. GIVOO CONSULTANTS I, INC. | : | |
| and J. GIVOO CONSULTANTS | : | OPINION |
| CORPORATION, | : | |
| | : | |
| Defendants. | : | |

This matter comes before the Court upon the Stipulation and Joint Motion for Conditional Certification and Court-Authorized Notice [Dkt. No. 40] under Section 16(b) of the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201 et seq. In the joint submission the parties agree on many aspects of the Notice process with the exception of the method of delivering the notice and the sharing of Putative Class Member data.

The arguments center on Plaintiffs' desire to effect notice using the United States Postal Service ("USPS") in conjunction with notice by way of email, text messaging, and a reminder notification and Plaintiffs' request that Defendants provide certain Putative Class Member data. Joint Motion (Dkt. No. 40) ¶10 at pp. 7-19.

Defendants argue that when the method of notice is disputed, notice through the USPS is the sole method provided by law and that Plaintiffs have failed to marshal any

evidence tending to show that notice by USPS is deficient, that compelling Defendant to compile email addresses and phone numbers is onerous and inefficient. Steinberg v. TD Bank, N.A., No. 10-CV-5600 RMB-JS, 2012 WL 2500331, at *7 (D.N.J. June 27, 2012) ("With respect to the form of notice and contact information requested, first class mail and home addresses are generally deemed sufficient, and additional information and contact methods are typically provided only if necessary.") (citing Bredbenner v. Liberty Travel, Inc., No. 09–CV–00905, 2009 WL 2391279, at *3 n. 3 (D.N.J. July 31, 2009)). Finally, Defendant argues that it should not be compelled to provide Putative Class data to Plaintiffs since a third-party vendor is handling the notification process and Plaintiffs, therefore, have no need for the information.

At the conditional certification stage, the district court "exercise[s] . . . discretionary authority to oversee and facilitate the notice process." Halle v. W. Penn Allegheny Health Sys. Inc., 842 F.3d 215, 224 (3d Cir. 2016). "The sole consequence of conditional certification is the sending of court-approved written notice to employees, who in turn become parties to a collective action only by filing written consent with the court, § 216(b)." Genesis Healthcare Corp. v. Symczyk, 569 U.S. 66, 75 (2013). Thus, the Court's role is to ensure that the distribution of the notice "is timely, accurate, and informative." Hoffmann-La Roche Inc. v. Sperling, 493 U.S. 165, 172 (1989).

The cases cited by Defendants seeking service solely by USPS are unpersuasive. The Court will permit email and text messaging notice in conjunction with notice through the USPS because of the heightened reliability of electronic notifications to reach the intended individual. "[I]t is appropriate in the modern digital age to distribute notice by mail, email, and text, because although people frequently move and change

addresses, they typically retain the same email addresses and phone numbers." Belt v. P.F. Chang's China Bistro, Inc., No. CV 18-3831, 2020 WL 3829026, at *9 (E.D. Pa. July 8, 2020) (citing Regan v. City of Hanahan, No. 2:16-CV-1077-RMG, 2017 WL 1386334, at *3 (D.S.C. Apr. 18, 2017) ("Plaintiffs' request that notice be distributed via direct mail, email and text messaging is reasonable because, in today's mobile society, individuals are likely to retain their mobile numbers and email addresses even when they move."); Irvine v. Destination Wild Dunes Mgmt., Inc., 132 F. Supp. 3d 707, 711 (D.S.C. 2015) ("The request that notice be distributed via direct mail, email and text messaging appears eminently reasonable to the Court. This has become a much more mobile society with one's email address and cell phone number serving as the most consistent and reliable method of communication.")).

Moreover, the practice of permitting notice by USPS and additional electronic means, including email and text messaging, finds ample support in this district. See, e.g., Sanchez v. Santander Bank, N.A., No. CV17-5775 PGS/DEA, 2019 WL 6050738, at *3 (D.N.J. Nov. 15, 2019) ("In this day of electronic communications, courts in this District have found notice by electronic means in conjunction with first class mail to be an appropriate method of facilitating notice."); Ornelas v. Hooper Holmes, Inc., No. 12-3106(JAP), 2014 WL 7051868, at *9-10, 2014 U.S. Dist. LEXIS 172903, at *13 (D.N.J. Aug. 1, 2014); Gervasio v. Wawa Inc., No. 17-245(PGS), 2018 WL 385189, at *6-7, 2018 U.S. Dist. LEXIS 4899 at *18 (D.N.J., Jan 11,2018); Porter v. Merrill Lynch Pierce, No. 17-8043 (FLW), 2018 WL 5874094, at *4-5, 2018 U.S. Dist. LEXIS 192061, at *14 (D.N.J., Nov 09, 2018). Given the current environment in which the challenges encountered by the USPS have been well documented and the fact that most Americans

have recently transitioned to electronic communication, Defendants' argument that notice by USPS should be the sole method falls flat. Finally, the high turnover rate and transient nature of many hourly workers weighs in favor of additional electronic notification procedures. See Belt, No. CV 18-3831, 2020 WL 3829026, at *9 (citing cases). For these reasons, the Court finds that the notice shall be delivered by USPS, email, and text-message.

The Court also permits a reminder notice for similar reasons and notes that reminder notices are regularly permitted in this Circuit. See Archer v. Defs., Inc., No. 18-470, 2018 WL 5962470, at *4 (D. Del. Nov. 14, 2018) ("Courts in this Circuit regularly permit follow-up notices and posting of the notice at work sites of the defendant."); see also, Sanchez, N.A., No. CV 17-5775 PGS/DEA, 2019 WL 6050738, at *3; Garcia v. Vertical Screen, Inc., 387 F. Supp. 3d 598, 608 (E.D. Pa. 2019); Porter v. Merrill Lynch Pierce Fenner & Smith, Inc., No. CV 17-8043 FLW/TJB, 2018 WL 5874094, at *1 (D.N.J. Nov. 9, 2018) (permitting reminder).

Finally, with respect to Plaintiffs' request for Putative Class Member data, the Court will deny the request without prejudice, but recognizes that "[i]n FLSA collective action cases, courts routinely order employers to produce a list of potential class members to Class Counsel." Essex v. Children's Place, Inc., CV 15-5621, 2016 WL 4435675, at *7 (D.N.J. Aug. 16, 2016); see, e.g., Pearsall-Dineen v. Freedom Mortg. Corp., 27 F. Supp. 3d 567, 574 (D.N.J. 2014); Stillman v. Staples, Inc., CIV.A. 07-849 (KSH), 2008 WL 1843998 (D.N.J. Apr. 22, 2008) at *6. Here, Plaintiffs have not supplied a compelling need for the information sufficient to overcome Defendants' argument that Plaintiff is not facilitating notice, because a third-party administrator has

been engaged for that purpose.  Thus, while the Court rejects Defendants' unsubstantiated assertion that Plaintiffs' intentions are "nefarious[,]" on this record, the Court cannot permit the request for Putative Class Member data.

    An appropriate Order shall issue.

Dated: February 23, 2021

                                              /s/ Joseph H. Rodriguez
                                              Hon. Joseph H. Rodriguez,
                                              UNITED STATES DISTRICT JUDGE