## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROBERT GILBERTSON, individually and on behalf of all others similarly-situated,<br><br>      Plaintiff,<br>v.<br>J. GIVOO CONSULTANTS I, INC. and J. GIVOO CONSULTANTS CORPORATION,<br>      Defendants. | Civil Action No. 1:20-cv-06991-JHR-AMD |

### APPROVAL ORDER

Before the Court is Named Plaintiff's unopposed motion for entry of the Approval Order as an Order of Court, approving the Agreement and dismissing the Civil Action with prejudice pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure. For good cause shown, and as more fully explained below, the motion is **GRANTED** as follows:

    1. All capitalized terms in this Approval Order have the same meaning as in the Agreement that was attached to Named Plaintiff's unopposed motion for entry of the Approval Order as an Order of Court.

    2. The Court has jurisdiction over the claims asserted in the Civil Action and over the Parties to the Civil Action.

    3. By filing written consents to join this Civil Action, the Named Plaintiff and Plaintiffs Burell Barnes, Burl Neal, Earl Underwood, Edward Almeida, Erlo Covington, Jeffrey Darensbourg, Jesse Landry, Stephen Baker,

Warren Reed, and Wesley Higginson: (1) authorized Named Plaintiff and Class Counsel to act as their agents and to negotiate a settlement of any and all claims they may have against Defendants, subject to a review for fairness by the Court; and (2) consented and agreed to be bound by any judgment of the Court or any settlement of this Civil Action that the Court reviews and determines to be fair and reasonable.

4. The Court reviewed the Agreement and concludes that the Agreement is adequate, fair, and reasonable, that it is in the best interests of the Parties, the Named Plaintiff and the Plaintiffs, and that it should be and hereby is approved. Likewise, the determination of the allocation of the Maximum Gross Settlement Amount to the Attorneys' fees Payment, Expense Payment, Service Award Payment and FLSA Settlement Amount is approved as fair, equitable, and reasonable. Accordingly, the Agreement is hereby approved in accordance with the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, et seq., and it shall be administered in accordance with its terms.

5. Upon the Effective Date of the Agreement, Plaintiffs will irrevocably and unconditionally forever and fully release Defendants and all Released Parties from any and all Released Claims. Plaintiffs are enjoined from prosecuting any Released Claims against Defendants or Released Parties. Furthermore, Named Plaintiff will irrevocably and unconditionally forever and fully release Defendants

and all Released Parties from any and all charges, complaints, claims, liabilities, causes of action, damages and expenses (including attorneys' fees, costs actually incurred, and liquidated damages), of any kind, whether known or unknown, which he now has, may have or claim to have, or which he at any prior time had or claimed to have arising out of any matter occurring or accruing on or before the date he signs the Agreement.

6. This Approval Order and the Agreement are binding on Named Plaintiff, Plaintiffs and Defendants.

7. This Civil Action is hereby **DISMISSED** in its entirety, on the merits, and **WITH PREJUDICE**, without costs to any party, except to the extent otherwise expressly provided in the Agreement.

**IT IS SO ORDERED.**

DATE: November 17, 2021

Hon. Joseph H. Rodriguez
United States District Judge